UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JERREN JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-02262-JPH-MJD |
| ) | |
| FEDERAL MOTOR CARRIER SAFETY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File Fourth Amended Complaint, [Dkt. 37]. Plaintiff filed a Complaint asserting *Bivens* claims against the Federal Motor Carrier Safety Administration for failing to remove contested violations on his record. [Dkt. 1]. Judge Hanlon ordered Plaintiff to file an amended complaint that properly alleged venue in the Southern District of Indiana. [Dkt. 6]. Plaintiff instead filed an incomplete "amendment" to address the Court's venue concerns. [Dkt. 9]. Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). [Dkt. 18, Dkt. 19]. After the deadline to respond had passed, Plaintiff filed duplicative motions for leave to file a Second Amended Complaint. [Dkt. 21; Dkt. 22]. Judge Hanlon denied the motion at Docket No. 21, granted the motion at Docket No. 22, and denied Defendant's motion to dismiss, [Dkt. 18], as moot. [Dkt. 23]. Plaintiff then filed two more complaints, [Dkt. 25, Dkt. 26], before being instructed by Judge Hanlon to file a motion demonstrating why "justice so requires" an additional amendment. [Dkt. 28]. Plaintiff filed an unopposed motion to amend his complaint, [Dkt. 29], which Judge Hanlon granted. [Dkt. 32.] The instant motion follows Defendants' Motion to Dismiss Plaintiff's Allegations Under the Privacy Act (Count II) of that Third Amended Complaint, [Dkt. 34].

After the opportunity for a party to amend a pleading as a matter of course has passed, that party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15 (a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* Moreover, "district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim." *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

Addressing points raised by Defendant in their renewed motion to dismiss, [Dkt. 34], Plaintiff's proposed Fourth Amended Complaint adds allegations that Defendant's conduct was willful and intentional, that Plaintiff exhausted all administrative remedies, and that Plaintiff received a final decision from Defendant. [Dkt. 37.] In its response to the instant motion, Defendant contends that Plaintiff already had multiple opportunities to amend his complaint and cure any deficiencies, that Plaintiff's new allegations would not withstand a motion to dismiss, and that Plaintiff's statements in the proposed Fourth Amended Complaint demonstrate a failure to exhaust administrative remedies. [Dkt. 38.] Defendant points out that "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* at 4 (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). That said, a determination of futility or failure to cure deficiencies is best made on a motion to dismiss.

Accordingly, the Court, in its discretion, **GRANTS** Plaintiff's Motion for Leave to File Fourth Amended Complaint, [Dkt. 37]. **The Clerk is directed to enter Plaintiff's Proposed Fourth Amended Complaint, found at [Dkt. 37-2], as the operative Fourth Amended**

**Complaint**. The Court notes, however, that even *pro se* plaintiffs cannot receive unlimited opportunities to amend, and it is unlikely that Plaintiff will be permitted to amend his complaint further absent the discovery of new evidence or other good cause for doing so.

In general, "once an amended complaint is filed, the original complaint drops out of the picture." *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017). Filing a new amended complaint moots the motion to dismiss. *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 674 (7th Cir. 2019) ("Generally, '[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case.'"). Accordingly, Defendant's Motion to Dismiss Plaintiff's Allegations Under the Privacy Act (Count II), [Dkt. 34], is **DENIED AS MOOT**.

SO ORDERED.

Dated:  5 DEC 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system

And by U.S. Mail to:

Jerren Jones
6565 N. MacArthur Blvd., Suite 225-120
Irving, TX 75039