UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JERREN JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-02262-JPH-MJD |
| | ) |
| FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING PLAINTIFF'S BELATED SECOND MOTION TO EXTEND THE EXPERT DISCLOSURE DEADLINE**

*Pro se* Plaintiff Jerren Jones has filed a belated second motion to extend the expert disclosure deadline. [Dkt. 63.] For the reasons explained below, the motion is **DENIED**.

**I. Background**

Jones filed this lawsuit in December 2023. [Dkt. 1.] He brings a single claim under the Administrative Procedure Act, alleging that Defendant acted arbitrarily and capriciously by "placing and maintaining false violations on [his] commercial driving record[.]"[1] [Dkt. 40.]

The pretrial schedule originally set the expert disclosure deadline for August 8, 2025. [Dkt. 59 at 1.] On Jones' motion, the Court extended the expert disclosure deadline to September 22, 2025. [Dkt. 62 at 1.] On September 29, a full week after the expert disclosure deadline had already passed, Jones filed the present motion to extend the expert disclosure deadline by another 60 days. [Dkt. 63.] Importantly, the pretrial schedule states that "[a]ny request for an extension of time must be filed at least three full business days prior to the deadline absent extraordinary circumstances, or summary denial may result." [Dkt. 59 at 3.]

---

[1] Jones' other claim, which alleges a violation of the Privacy Act, has been dismissed. [Dkt. 58.]

Defendant opposes this motion, arguing that Jones has not shown good cause for the extension, that Jones has not shown excusable neglect for filing a belated motion, and that the extension would be prejudicial. [Dkt. 64 at 3-7.] Jones has not filed a reply, and the time to do so has passed.

## II. Legal Standard

Case management deadlines may be extended upon a showing of good cause by the moving party. Fed. R. Civ. P. 16(b)(4). The "good-cause standard focuses on the diligence of the party seeking amendment, not the prejudice to the nonmoving party." *Peters v. Wal-Mart Stores E., LP,* 512 F. App'x 622, 627-28 (7th Cir. 2013); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) ("In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment."). A party moving to extend a case management deadline that has already expired must show excusable neglect for the belated filing. Fed. R. Civ. P. 6(b)(1)(B).

## III. Discussion

Jones has not shown good cause for a second extension of the expert disclosure deadline. His motion makes general assertions about the difficulties faced by *pro se* litigants, his work schedule, and the complexity of this lawsuit, but he does not describe what efforts he has made, if any, to retain an expert for this lawsuit. Thus, he has not shown that he acted with reasonable diligence in attempting to meet the expert disclosure deadline. Additionally, he has not shown excusable neglect for seeking to extend a deadline that has already passed, as required by Rule 6(b)(1)(B), nor has he attempted to show extraordinary circumstances for the belated motion, as ordered by the pretrial schedule. [Dkt. 59 at 3.] For all these reasons, Jones' motion to extend the expert disclosure deadline is **DENIED**.

## IV. Conclusion

For the reasons explained above, Jones' belated second motion to extend the expert disclosure deadline is **DENIED**.

SO ORDERED.

Dated:  3 NOV 2025

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JERREN JONES
6565 N. MacArthur Blvd., Suite 225-120
Irving, TX 75039
jerrenjones81@gmail.com